UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LORENZO GARCIA GARCIA,** | ) | **CASE NO. 4:13 CV 1153** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **MICHAEL PUGH, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Lorenzo Garcia Garcia filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in the Northeast Ohio Correctional Center, having been convicted in the United States District Court for the Northern District of Illinois of illegal reentry. Petitioner contends he should receive credit toward his federal sentence for the time he spent in jail following his arrest on state charges until the date he began to serve his federal sentence. For the reasons set forth below, the Petition is denied and this action is dismissed.

**I. BACKGROUND**

Petitioner was arrested by the Aurora, Illinois Police Department on July 20, 2010, and

charged with Possession of a Controlled Substance.  He was indicted by a federal grand jury on August 19, 2010 on charges of Illegal Reentry of a Deported Alien.  He remained in state custody until September 7, 2010 when he was temporarily taken into federal custody on a Writ of Habeas Corpus Ad Prosequendum for arraignment on the federal charge.  On May 26, 2011, he was sentenced in the United States District Court for the Northern District of Illinois to a term of incarceration of forty-six months.  He was returned to state custody on June 10, 2011.

On October 11, 2011, Petitioner was sentenced by the Circuit Court of the Sixteenth Judicial Circuit, Kane County, Illinois, to a term of imprisonment of two years for Unlawful Possession of a Controlled Substance.  The United States Marshals issued a federal detainer asking the State of Illinois to deliver Petitioner to their custody when he completed his state sentence.  On October 18, 2011, seven days after his state court sentencing hearing, he was paroled on his state sentence and was taken into federal custody.

Petitioner seeks credit toward his federal sentence from the date of his arrest on July 20, 2010 until he was transferred to federal custody on October 18, 2011 to begin serving his federal sentence.  He contends he is entitled to this credit because he has been incarcerated continually since his arrest.  Petitioner further asserts his jail time should be considered "official detention" because his arrest led to both his state and federal charges.  He further states that because his state offense was taken into consideration in determining his offense level for federal sentencing purposes, his arrest on state drug charges was connected to his prosecution for illegal reentry. He contends his state and federal sentences were to run concurrently and he should therefore receive jail credit for both sentences.

## II.  STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).  Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## III.  ANALYSIS

Once a defendant is sentenced in federal court, the Attorney General, through the Bureau of Prisons ("BOP"), is responsible for administering the sentence. *See* 18 U.S.C. § 3621(a). To compute a federal sentence, the BOP must first determine the commencement date of the federal sentence. By statute, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not commence until a prisoner is actually received into federal custody solely for that purpose. *Gonzalez v. Rushing*, 4:12 CV1274, 2012 WL 2127728 (N.D. Ohio June 11,

2012).

Thereafter, the BOP must apply any jail-time credit to which the offender may be entitled under 18 U.S.C. § 3585(b). Specifically, 18 U.S.C. §3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

In a federal habeas petition, there is a presumption of regularity of the sentence, which the Petitioner must overcome. *Daniels v. United States*, 532 U.S. 374, 381 (2001). Therefore, it is Petitioner's burden to establish that the BOP's calculation of his sentence is erroneous. Petitioner claims he is entitled to credit from the time of his arrest by state authorities until the time he was transferred to federal custody to begin serving his sentence. Section 3585(b) only allows credit for time "that has not been credited against another sentence." *United States v. Wilson*, 503 U.S. 329, 334 (1992). Petitioner does not specify how much of this jail time was credited against his state sentence; however, based on the fact that Petitioner was sentenced to two years incarceration by the state court, and was paroled just seven days later, it appears the state court credited Petitioner with the year and three months he spent in jail awaiting trial and sentencing. The time for which Petitioner believes he should receive credit was time he served on a state conviction. If Petitioner was to be credited for this time against his federal sentence, he would be receiving improper double credit. *See McClain v. Bureau of Prisons*, 9 F.3d 503,

505 (6th Cir.1993).

Moreover, although Petitioner suggests his state and federal sentences were running concurrently, the sentencing order from the United States District Court for the Northern District Illinois is silent on the issue of his state sentence. *See United States v. Garcia-Garcia*, No. 1:10-cr-699-1 (N.D. Ill. filed Aug. 19, 2010)(ECF No. 30). Where the federal judge does not specify whether a prisoner's state and federal sentences are to run concurrently, the Sixth Circuit has interpreted 18 U.S.C. § 3584(a) to provide that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *United States v. Quintero*, 157 F.3d 1038, 1040 (6th Cir.1998). Therefore, Petitioner did not meet his burden to suggest the BOP erred in calculating his sentence.

### III. CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**UNITED STATES DISTRICT JUDGE**

DATED: October 23, 2013